UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID K. SEALY, KERRY CARTER and HARVEY L. DAVIS on behalf of the Old Dominion 401(k) Retirement Plan, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC.,<br><br>Defendant. | Case No. 1:23-cv-819-TDS-LPA |

**FINAL APPROVAL ORDER AND FINAL JUDGMENT**

This action came on for a final fairness hearing, held on January ___, 2026 on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Class Action Settlement Agreement ("Settlement Agreement") executed on July ___, 2025.

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and

compromise of this Action, adopts the Settlement Agreement as its Judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs David K. Sealy, Harvey L. Davis, and Kerry Carter ("Plaintiffs") have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Old Dominion 401(k) Retirement Plan (the "Plan") against Old Dominion Freight Line, Inc. ("Defendant").

The Court determines that the Settlement Agreement, which requires the payment of $1,900,000.00 on behalf of Defendant, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement Agreement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement Agreement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, and the Plan's participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. § 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons who were participants in or beneficiaries of the Plan from October 1, 2016 through December 31, 2025 (the "Class Period").

A person was a participant in or beneficiary of the Plan during the Class Period if they had an account balance in the Plan during such period.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of the Norris Law Firm, PLLC, McKay Law, LLC, Wenzel Fenton Cabassa, P.A., and Morgan & Morgan, P.A. as Class Counsel.

Based on the Settlement, the Court hereby dismisses the operative Complaint and the Action against Defendant with prejudice.

The Court adopts and enforces all provisions of the Settlement Agreement.

As of the date of Settlement Effective Date and payment of the Gross Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Settlement Effective Date and payment of the Gross Settlement Amount, Defendant, including its present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiffs Released Parties from any claims that may have arisen out of this Action.

As of the date of Settlement Effective Date and payment of the Gross Settlement

Amount, all release provisions as defined in the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs assumes for themselves, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that the Parties have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel are awarded costs in the amount of $_____$, to be paid from the Gross Settlement Amount. The attorneys' fees sought by Class Counsel in the amount of \_\_\_\_\_ percent (\_\_\_%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel is awarded attorneys' fees in the amount of \_\_\_ percent (\_\_%) of the common fund established in this Action, specifically $_____.  Class Counsel's fees shall be paid pursuant to the timing

requirements described in the Settlement Agreement. The Court also awards case contribution awards to Plaintiffs David K. Sealy, Harvey L. Davis, and Kerry Carter, in the amount of $5,000 each payable from the common fund.

The Plan of Allocation for the Settlement is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**IT IS SO ORDERED.**

DATE: _____
Judge Thomas D. Schroeder
United States District Court

4910-6967-9446, v. 1